UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 01-1010 DT |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING GOVERNMENT'S |
| v. | ) | MOTION FOR RECONSIDERATION |
| | ) | AND MODIFYING APRIL 3, 2009 |
| ASHOT MANUKYAN, | ) | ORDER TO RETURN PROPERTY OF |
| | ) | DEFENDANT ASHOT MANUKYAN |
| Defendant. | ) | |
| _____ | ) | |

**I.**

**INTRODUCTION**

On April 3, 2009, the Court granted defendant Ashot Manukyan's Motion for Return of Property, there having been no response or opposition from the government. On April 10, 2009, Assistant U. S. Attorney Wesley L. Hsu, Chief of Cyber & Intellectual Property Crimes Section, filed the "Government's Motion for Reconsideration of Order Requiring Return of Property," along with a declaration of Mr. Hsu.

The Court finds, based on the foregoing, that the government did not receive the Court's briefing order issued on November 26, 2008, and, therefore, grants the motion for

reconsideration.  In light of the information set forth in the government's motion, the Court modifies its April 3, 2009 Order Granting Defendant's Motion for Return of Property pursuant to Rule 41(g).

## II.

## **MODIFICATION**

The Court's April 3, 2009, Order is modified as follows.  Defendant Ashot Manukyan's Motion for Return of Property is granted in part and denied in part.

Because defendant Ashot Manukyan ("defendant") is in prison, he shall designate a substitute custodian to take custody of any materials/property hereby ordered to be returned by filing a Notice of Authorized Substitute Custodian with the Court and serving a copy on Assistant U. S. Attorney Wesley L. Hsu.

1.  Upon satisfactory proof of identification by the substitute custodian to the Federal Bureau of Investigation ("FBI"), the FBI is ordered to return defendant's non-contraband, personal property in its possession and seized by the FBI from his home to the substitute custodian.

2.  The FBI is not ordered to return the following items seized from defendant's home:  magnetic strip encoder, blank check stock paper, social security information for a J.F., a driver's license for a J.A., and credit cards in names other than defendant's name, and toll records belonging to M.P.  The FBI is not ordered to return to defendant any property seized from a location other than defendant's residence.

3.  Because defendant is not lawfully permitted to possess a firearm or ammunition, the FBI is ordered to release

the firearm and ammunition only to the aforesaid designated substitute custodian who must not be a person with whom defendant is planning to reside.

4. Defendant is expressly admonished that he, defendant Ashot Manukyan, cannot have the firearm and ammunition in his actual or constructive possession.

### III.

### CONCLUSION

Accordingly, and for the foregoing reasons, the motion for reconsideration is granted, the Court has reconsidered its previous order, and the Court has modified its previous Order as set forth above, granting in part and denying in part defendant's Motion for Return of Property.

IT IS SO ORDERED.

DATED: April 14, 2009.

*ALICEMARIE H. STOTLER*
_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE